UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

RENAY LYNCH,                               :

               Plaintiff,                  :

   v.                                      :

JANE DOE CORRECTIONAL OFFICER              :
BLUE, JANE DOE CORRECTIONAL                :
OFFICER WAXTER, JOHN DOE                   :
CORRECTIONAL OFFICER ASKEW,                :
               Defendants.                 :

-----------------------------------------------------------x

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #: _____**
**DATE FILED:** 2/29/16

**OPINION AND ORDER**

14 CV 6919 (VB)

*Copies Mailed/Faxed*
*Chambers of Vincent L. Briccetti*
2/29/16

Briccetti, J.:

    Plaintiff Renay Lynch, an inmate proceeding pro se, brings this Section 1983 civil rights

action, alleging defendants were deliberately indifferent to her safety and her medical needs in

violation of the Eighth Amendment.  Defendants Blue, Waxter, and Asquith[1] are Correctional

Officers employed by the New York State Department of Corrections and Community

Supervision at Bedford Hills Correctional Facility ("Bedford Hills") in Bedford Hills, New York.

    Defendants move to dismiss the complaint under Rule 12(b)(6).  (Doc. #26).

    For the reasons set forth below, defendants' motion is GRANTED.

    The Court has jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    The following facts are drawn from the complaint and documents on which plaintiff

relied in bringing suit.  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010)

(noting the court may consider documents integral to the complaint if it is clear on the record that

no dispute exists regarding the authenticity or accuracy of the documents).

---

[1]    Plaintiff incorrectly spelled Officer Asquith's name as "Askew" in her complaint.  The
Court refers to Officer Asquith by the correct spelling of his name in this opinion.

At all relevant times, plaintiff was incarcerated at Bedford Hills.  On February 20, 2014, she and several other inmates were being transported in a van back to Bedford Hills from a medical trip to Mt. Vernon Hospital.[2]  Officer Asquith drove, Officer Blue was in the front passenger seat, and Officer Waxter sat in the back of the van with the inmates.  Plaintiff alleges Officers Asquith and Blue had "loud music blasting" while they were "traveling in a fast moving van on a dark highway at 7:30 p.m. at night."  (Compl. ¶ 2).  Plaintiff alleges the van was traveling 65 to 70 miles per hour and the officers listened to music because they were "laid back[,] trying to enjoy themselves and block the inmates out."  (Pl.'s Opp. at 6).

Suddenly, one of the inmates began having a seizure, "causing chaos in the vehicle." (Compl. ¶ 2).  Officer Waxter "panicked" (Pl.'s Opp. at 1), and "asked [plaintiff] to get up out [of her] seat and move . . . so [Officer Waxter] could help [the inmate] having seizures." (Compl. ¶ 2).  Plaintiff, shackled with leg irons and chains around her waist, got up and was "thrown to [the] front of [the] van and then landed in [the] door well."  Id.  Plaintiff contends she injured her right hand, which was bandaged and in a sling from a recent operation.  She also alleges she hurt her back and the right side of her body, and her "left index finger [was] busted open" and bleeding.  Id. ¶¶ 2, 3.

Defendants brought the inmate who had the seizure to Westchester Medical Center. Plaintiff alleges defendants saw her "bleeding as she and the other inmates stood on the sidewalk" (Pl.'s Opp. at 6), but they "refused to have [her] seen [by medical personnel] at Westchester Medical."  (Compl. ¶ 2).

_____

[2]    In plaintiff's administrative grievance attached to her complaint, she states Officer Blue pressed on her handcuffs to try to cut her skin while they were in the hospital.  But plaintiff does not refer to this incident in her complaint or anywhere else in her filings.  Therefore, even liberally construed, the Court finds plaintiff is not attempting to allege a claim based on this handcuffing incident.

After arriving back at Bedford Hills, plaintiff alleges Officer Waxter "refused to report [her] injuries or file an incident report" in an attempt to cover up the incident.  (Compl. ¶ 2). Plaintiff concedes nurses in the medical department treated her injuries that same day.

On February 21, 2014, plaintiff filed an inmate grievance complaint based on Officer Waxter's refusal to file an incident report about plaintiff's injuries.  The superintendent denied plaintiff's grievance, and plaintiff appealed.[3]

Plaintiff alleges she had a second operation on her finger on June 25, 2014, and her right thumb is now deformed.  On August 25, 2014, plaintiff filed her complaint (Doc. #1), and on June 30, 2015, defendants moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (Doc. #24).

## DISCUSSION

I.   Legal Standard

    A.   Rule 12(b)(6) Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled

---

[3]    The Prison Reform Litigation Act states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Although defendants argue plaintiff's administrative grievance was not fully exhausted, the Court need not decide whether plaintiff fully exhausted her grievances because, as discussed below, the Court dismisses plaintiff's claims on substantive grounds.

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.     Eighth Amendment Claims

Construed liberally, plaintiff's complaint alleges defendants violated her Eighth Amendment rights by (i) failing to protect her safety in the van and (ii) failing to provide medical treatment once she became injured.  The Court addresses each theory of liability in turn.

A.      Safe Conditions of Confinement

The Eighth Amendment requires prison conditions to be at least "humane."  Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  To adequately allege an Eighth Amendment violation, an inmate must satisfy objective and subjective elements of a two-pronged test.

First, under the objective prong, an inmate must allege facts showing she was denied "the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  When, as here, the claim is based on an alleged failure to prevent harm or provide safety, the inmate must show she "is incarcerated under conditions posing a substantial risk of serious harm."  Id.

Second, under the subjective prong, an inmate must allege facts showing officials acted with "deliberate indifference" to the inmate's "health or safety."  Farmer v. Brennan, 511 U.S. at 834.  A correctional officer acts with deliberate indifference only when he "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm."  Hayes v. New York City Dep't of Corrs., 84 F.3d 614, 620 (2d Cir. 1996).  A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000) (quoting Farmer v. Brennan, 511 U.S. at 837).

5

Claims brought under Section 1983 must allege the personal involvement of each defendant. Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). "Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient." Brown v. Doe, 2014 WL 5461815, at *8 (S.D.N.Y. Oct. 28, 2014) (citation omitted), appeal dismissed (Feb. 17, 2015).[4]

  1. Officers Asquith and Blue

Defendants argue plaintiff's Eighth Amendment claim based on Officers Asquith's and Blue's failure to protect her in the van must be dismissed because plaintiff failed to allege these defendants were personally involved in any failure to provide for plaintiff's safety.

The Court agrees.

Officers Asquith and Blue were in the front seat of the van while plaintiff was in the back. Plaintiff alleges she fell and was injured while Officers Asquith and Blue were playing music too loudly and while Officer Asquith was driving the van on a dark highway at night. Even liberally construed, these facts do not plausibly allege Officers Asquith and Blue were personally involved in any violation of plaintiff's constitutional rights arising from plaintiff's injury in the van. Plaintiff has not alleged either officer in the front seat was aware plaintiff was switching seats in the back of the van. Nor has plaintiff alleged sufficient facts to support an inference Officer Asquith was driving recklessly or in deliberate disregard for plaintiff's safety.[5]

---

[4]  Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[5]  Although courts in other circuits have held allegations of reckless driving, combined with a failure to provide seatbelts, may be sufficient to survive a motion to dismiss, see Fouch v. D.C., 10 F. Supp. 3d 45, 50-51 (D.D.C. 2014) (collecting cases), the Second Circuit has yet to squarely address the issue. In any event, plaintiff here has not alleged sufficient facts giving rise to an inference Officer Asquith was driving recklessly. Cf. Rogers v. Boatright, 709 F.3d 403, 406 (5th Cir. 2013) (plaintiff alleged defendant was "darting in and out of traffic at high speeds"). Plaintiff's only allegations as to Officer Asquith's driving are (i) he "refused to stop the vehicle

Accordingly, plaintiff's complaint fails to allege Officers Asquith and Blue were personally involved in violating plaintiff's constitutional rights based on the failure to ensure her safety in the van.

        2.    <u>Officer Waxter</u>

Unlike Officers Asquith and Blue, Officer Waxter was personally involved because she was in the back of the van with plaintiff and instructed her to change seats, leading to plaintiff's injuries.  However, even liberally construed, plaintiff's allegations fail to satisfy the objective and subjective prongs of an Eighth Amendment violation.

As to the objective element, there is no definitive test to determine when a condition is sufficiently serious.  The Second Circuit has held "the failure to provide a seatbelt is not, in itself, sufficiently serious to constitute an Eighth Amendment violation."  <u>Jabbar v. Fischer</u>, 683 F.3d 54, 58 (2d Cir. 2012) (quotations omitted).  In <u>Jabbar</u>, a bus transporting the plaintiff made a forceful turn and he hit his head, knocking him unconscious.  <u>Id.</u> at 56.  In affirming the district court's dismissal of the plaintiff's claim, the Second Circuit held that a vehicle's lack of seatbelts, without more, is "reasonable."  <u>Id.</u> at 58; <u>see also</u> <u>Carrasquillo v. City of New York</u>, 324 F. Supp. 2d at 436 ("Auto accidents do not, in and of themselves, give rise to federal causes of action.").

The case at hand is a closer call than <u>Jabbar</u> because here, in addition to plaintiff's not wearing a seatbelt, Officer Waxter allegedly ordered plaintiff to change seats.  Construed

_____

with loud music blasting" (Compl. ¶ 2), and (ii) the van was "going 65 to 70 mph." (Pl.'s Opp. at 1).  Even assuming Officer Asquith was driving above the speed limit, "this adds nothing of legal significance to [p]laintiff's claim" because without more, "allegations of a public official driving too fast for the road conditions are grounded in negligence."  <u>Carrasquillo v. City of New York</u>, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004) (quotations and alterations omitted).

liberally, plaintiff alleges Officer Waxter created a condition that posed a greater risk of harm to plaintiff than merely not having a seatbelt.

Nevertheless, having considered the application of Jabbar, the Court concludes, based on the allegations of the complaint, that Officer Waxter did not create a condition that posed a substantial or excessive risk of serious harm to plaintiff's safety.  The magnitude of the increase in risk of injury by momentarily changing seats, compared with merely not wearing a seatbelt, is slight, and not unreasonable because it was based on Officer Waxter's need to access an inmate experiencing a seizure.  See, e.g., Williams v. City of New York, 2005 WL 2862007, at *2 (holding the Eighth Amendment proscription against cruel and unusual punishment "does not cover vehicular accidents that expose a plaintiff to the risk of injury") (quoting Carrasquillo, 324 F. Supp. 2d at 437).

Moreover, even assuming plaintiff did adequately allege Officer Waxter created a condition that posed a substantial risk of serious harm, plaintiff has failed to allege Officer Waxter knew of and disregarded the risk in satisfaction of the subjective prong of the deliberate indifference test.

Plaintiff alleges Officer Waxter, in a moment of "chaos" (Compl. ¶ 2), "panicked," and directed plaintiff to move away from the inmate having a seizure. (Pl.'s Opp. at 1).  Plaintiff's allegations do not support an inference Officer Waxter knew it would be dangerous for plaintiff to move away from the inmate having a seizure, and then disregarded that risk.  Cf. Allah v. Goord, 405 F. Supp. 2d 265, 276 (S.D.N.Y. 2005) (holding subjective prong satisfied because defendant driver stopped short, injuring wheelchair-bound plaintiff, then, after repositioning the plaintiff, stopped short again, "in complete disregard for plaintiff's interests or safety").  At most, plaintiff has plausibly alleged Officer Waxter did not consider the risk to plaintiff's safety in

ordering her to change seats because the officer panicked in a moment of chaos. Those allegations may give rise to a claim of negligence, but are not actionable under the Constitution. See White v. City of New York, 2011 WL 5873392, at *1 (S.D.N.Y. Nov. 22, 2011).

Accordingly, because plaintiff failed plausibly to allege that Officer Waxter created an excessive risk of harm to plaintiff's safety and consciously disregarded that risk, her Eighth Amendment claim based on her injury in the van is dismissed.

B.     Failure to Provide Medical Treatment

After plaintiff was injured, she alleges defendants were deliberately indifferent to her serious medical needs. Defendants argue plaintiff failed to state an Eighth Amendment claim because she received treatment for her injuries later that day.

The Court agrees.

To assert a viable Eighth Amendment claim in the context of inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Similar to liability based on failure to provide safe conditions of confinement, this test has both an objective and a subjective component: plaintiff must plead facts showing (i) the alleged deprivation of medical care is "sufficiently serious," and (ii) the officials in question acted with a "sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

To satisfy the objective component, a condition is sufficiently serious if it may cause "death, degeneration, or extreme pain," Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Hemmings v. Gorsczyk, 134 F.3d 104, 108 (2d Cir. 1998)), or if "the failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction

of pain."  Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000) (quoting Chance v. Armstrong,

143 F.3d 698, 702 (2d Cir. 1998)).

To satisfy the subjective component, a plaintiff must allege the defendant had a mental

state akin to recklessness, which "requires that the charged official act[ed] or fail[ed] to act while

actually aware of a substantial risk that serious inmate harm will result."  Salahuddin v. Goord,

467 F.3d at 280 (citing Farmer v. Brennan, 511 U.S. 825, 836-37 (1994)).  For example, "a

deliberate indifference claim can lie where prison officials deliberately ignore the medical

recommendations of a prisoner's treating physicians."  Johnson v. Wright, 412 F.3d at 404

(citing Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987)).

Here, plaintiff alleges defendants "refused to have [her] seen at Westchester Medical

[Center]" even though her finger was bleeding.  (Compl. ¶ 2).  But plaintiff concedes Bedford

Hills's medical staff treated her when she returned to Bedford Hills.  Liberally construed, her

allegations are that she should have been treated by the hospital's staff instead of by prison

nurses, and her treatment was delayed because she was not treated at the hospital.

However, plaintiff fails to allege the prison medical staff's treatment was inadequate, that

the delay in treatment led to a serious medical condition, or that defendants acted with the

requisite deliberate indifference.

Plaintiff's preference to be treated by doctors at the Westchester Medical Center instead

of the prison medical staff does not constitute a constitutional claim, especially when, as here,

plaintiff does not allege the prison medical staff's treatment of her injuries was inadequate.  See

Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere

disagreement over the proper treatment does not create a constitutional claim. So long as the

treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

Similarly, the delay plaintiff faced before receiving treatment cannot form the basis of a constitutional claim.  Under some circumstances, prolonged delays in treatment can support an inference of deliberate indifference.  Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994) (a jury could infer deliberate indifference based on a two-year delay); see also Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003) (a delay in treatment of "an otherwise insignificant wound" could conceivably create a substantial risk of injury if the wound became infected due to the delay). But plaintiff has not alleged any facts as to how the delay between the hospital and the prison created or worsened her medical conditions.  Even liberally construed, the lapse in treatment here is "minor and inconsequential."  Id.

More fundamentally, the complaint contains no allegations indicating any of the defendants were actually aware of a substantial risk plaintiff would experience harm if she waited to be seen by the prison medical staff, and then disregarded that risk.

Accordingly, plaintiff's claim based on defendants' failure to provide medical treatment is dismissed.[6]

III.   State Law Claims

Construed liberally, plaintiff's complaint arguably contains state law tort claims for negligence.  Having dismissed plaintiff's federal claims, the Court declines to exercise

---

[6]     To the extent plaintiff's complaint articulates a claim based on defendants' failure to file an incident report upon returning to Bedford Hills, that claim is also dismissed.  Carrasquillo v. City of New York, 324 F. Supp. 2d at 436 ("Individuals do not have a constitutional right . . . to have the government investigate the cause of such an injury.").

supplemental jurisdiction over any state law claims in plaintiff's complaint pursuant to 28 U.S.C. § 1367(c)(3).

IV.    <u>Leave to Amend</u>

The Court will, however allow plaintiff to amend her complaint with respect to her claim arising from defendants' alleged failure to provide for her safety in the van.  District courts "should not dismiss [<u>pro</u> <u>se</u> complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir.2000) (quoting <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir.1999)).

Plaintiff is directed to state in her amended complaint (i) whether and how Officer Asquith was driving recklessly, causing plaintiff to fall into the door well; (ii) whether and how Officer Blue was involved in Officer Asquith's reckless driving; and (iii) whether and how Officer Waxter created a condition that posed a substantial or excessive risk to plaintiff's safety, and then disregarded that risk.

Plaintiff is reminded that any factual allegation in the amended complaint must be true to the best of her knowledge, information, and belief.  <u>See</u> Fed. R. Civ. P. 11(b)(3).  Because the amended complaint will completely replace the amended complaint, plaintiff should include in

the amended complaint all information necessary to state a claim.  Plaintiff is directed to complete the Amended Complaint form attached to this Opinion and Order.

Plaintiff is further directed to attach to her amended complaint any grievances she filed with respect to the incident in the van, as well as all evidence relating to her efforts to exhaust her administrative remedies prior to commencing this action.

Plaintiff is <u>not</u> granted leave to file an amended complaint with respect to her claims related to the alleged failure to treat her injuries.  The complaint and plaintiff's opposition to defendants' motion to dismiss – even liberally construed – contain no allegations suggesting she has a valid claim that she has merely "inadequately or inartfully pleaded" and therefore should "be given a chance to reframe."  <u>Cuoco v. Moritsugu</u>, 222 F.3d at 112.  Thus, re-pleading plaintiff's failure to treat claim would be futile because plaintiff's claims suffer from substantive deficiencies that cannot be cured.

## CONCLUSION

Defendants' motion to dismiss is GRANTED.

Plaintiff is granted leave to file an amended complaint, which must be filed by April 15, 2016, using the Amended Complaint form attached hereto.  The completed Amended Complaint form must be mailed to the Pro Se Clerk at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.  If plaintiff does not file an amended complaint by that date, this case will be dismissed with prejudice.

The Clerk is instructed to terminate the motion.  (Doc. #24).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: February 29, 2016
       White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
(check one)

___ **Civ.** _____ ( )

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
               ID#_____
               Current Institution_____
               Address_____
               _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant  No. 2  Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3  Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

> Who did
> what?

Defendant  No. 4  Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5  Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____

> What
> happened
> to you?

D.    Facts:_____

_____

_____

_____

**Was anyone else involved?**

**Who else saw what happened?**

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____     No _____     Do Not Know _____

      If YES, which claim(s)?

      _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____     No _____

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?

      _____

      1.      Which claim(s) in this complaint did you grieve?

          _____

          _____

      2.      What was the result, if any?

          _____

          _____

      3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

      _____

      _____

      _____

      _____

F.      If you did not file a grievance:

      1.      If there are any reasons why you did not file a grievance, state them here:

          _____

          _____

          _____

_____

_____

_____

2.   If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

_____

_____

_____

_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

_____

_____

_____

_____

_____

_____

_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.   Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Rev. 01/2010*                    5

_____

_____

_____

**VI.    Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____

_____

_____    3.    Docket or Index number _____

_____    4.    Name of Judge assigned to your case_____

   5.    Approximate date of filing lawsuit _____

   6.    Is the case still pending? Yes _____   No _____

      If NO, give the approximate date of disposition_____

   7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

<div style="border:1px solid black; display:inline-block">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

   2.    Court (if federal court, name the district; if state court, name the county) _____

_____

_____    3.    Docket or Index number _____

_____    4.    Name of Judge assigned to your case_____

   5.    Approximate date of filing lawsuit _____

6.     Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there
judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number             _____

Institution Address        _____

_____

_____

_____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:  _____