```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RENAY LYNCH,                                      :
                    Plaintiff,                    :
                                                  :   OPINION AND ORDER
 v.                                               :
                                                  :   14 CV 6919 (VB)
JANE DOE CORRECTIONAL OFFICER                     :
BLUE, JANE DOE CORRECTIONAL                       :
OFFICER WAXTER, JOHN DOE                          :
CORRECTIONAL OFFICER ASKEW,                       :
                    Defendants.                   :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Renay Lynch, an inmate proceeding pro se, brings this Section 1983 civil rights action, alleging defendants were deliberately indifferent to her safety in violation of the Eighth Amendment. Defendants Blue, Waxter, and Asquith[1] are Correction Officers employed by the New York State Department of Corrections and Community Supervision at Bedford Hills Correctional Facility ("Bedford Hills") in Bedford Hills, New York.

Defendants move to dismiss the amended complaint under Rule 12(b)(6). (Doc. #39).

For the reasons set forth below, defendants' motion is GRANTED.

The Court has jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

Familiarity with the factual background of this case is presumed. The Court recites only those facts necessary for the resolution of defendants' motion.

Plaintiff's claim arises from an injury she sustained on February 20, 2014, while riding in a van traveling back to Bedford Hills from a medical trip. Plaintiff alleges Asquith was driving the van, Blue was in the front passenger seat, and Waxter was in the back seat when another

---

[1] Plaintiff incorrectly spelled Asquith's name as "Askew" in her amended complaint.

1

inmate had a seizure.  Waxter directed plaintiff to get out of her seat so that Waxter could help the inmate having the seizure, and plaintiff contends she fell into the door well of the van and injured her hands and back.

In her original complaint, plaintiff alleged that defendants failed to protect her safety, and failed to provide medical treatment for her injuries.  (Doc. #1).  Defendants moved to dismiss the complaint (Doc. #24), and the Court granted the motion.  See Lynch v. Jane Doe Corr. Officer Blue, 2016 WL 831969 (S.D.N.Y. Feb. 29, 2016).[2]  The Court granted plaintiff leave to amend her claim arising from defendants' alleged failure to provide for her safety in the van:

> Plaintiff is directed to state in her amended complaint (i) whether and how Officer Asquith was driving recklessly, causing plaintiff to fall into the door well; (ii) whether and how Officer Blue was involved in Officer Asquith's reckless driving; and (iii) whether and how Officer Waxter created a condition that posed a substantial or excessive risk to plaintiff's safety, and then disregarded that risk.

Id. at *6.[3]  The Court did not grant leave to amend with respect to the alleged failure to provide medical treatment because re-pleading would have been futile.

Plaintiff timely filed an amended complaint.  (Doc. #35).  The amended complaint largely repeats the same allegations in her original complaint as to Blue and Waxter.  As to Asquith, plaintiff's amended complaint includes a new allegation that he was "driving above the speed limit, sw[e]rving in and out of traffic on a dark ic[]y highway."  (Am. Compl. at 3).

---

[2]     Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[3]     Because defendants also moved to dismiss the complaint on the ground that plaintiff failed to exhaust her administrative remedies, the Court directed her "to attach to her amended complaint any grievances she filed with respect to the incident in the van, as well as all evidence relating to her efforts to exhaust her administrative remedies prior to commencing this action." See Lynch v. Jane Doe Corr. Officer Blue, 2016 WL 831969, at *6.  Plaintiff failed to do so.

By letter dated April 6, 2016, before defendants responded to the amended complaint, plaintiff asked the Court to "just rule on what's before" the Court. (Doc. #38). By memorandum endorsement, the Court explained that plaintiff's request was premature because there was no pending motion at the time. Because plaintiff's letter mentioned a GED test and a waiting list for the law library, the Court construed her letter as a request for an extension of time to oppose defendants' anticipated motion to dismiss and granted plaintiff an extension.

Defendants thereafter moved to dismiss the amended complaint arguing, among other things, that the amended complaint merely restated the allegations the Court already dismissed. (Docs. ##39, 40).

By letter dated April 20, 2016, plaintiff wrote a letter, again requesting that the Court "rule on what's before [it] because this back and forth with the Assistant Attorney General . . . has no end." (Doc. #41). Because plaintiff did not oppose defendants' motion to dismiss the amended complaint,[4] defendants waived their reply. (Doc. #42).

## DISCUSSION

I. Legal Standard

    A. Rule 12(b)(6) Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678;

---

[4] The Court notes plaintiff did file a substantive memorandum of law in opposition to defendants' motion to dismiss the original complaint. (Doc. #30).

3

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.     Safe Conditions of Confinement

Plaintiff's amended complaint alleges defendants violated her Eighth Amendment rights by failing to protect her safety in the van.

The Eighth Amendment requires prison conditions to be at least "humane."  Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 832

4

(1994)). To adequately allege an Eighth Amendment violation, an inmate must satisfy objective and subjective elements of a two-pronged test.

First, under the objective prong, an inmate must allege facts showing she was denied "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). When, as here, the claim is based on an alleged failure to prevent harm or to provide safety, the inmate must show she "is incarcerated under conditions posing a substantial risk of serious harm." Id.

Second, under the subjective prong, an inmate must allege facts showing officials acted with "deliberate indifference" to the inmate's "health or safety." Farmer v. Brennan, 511 U.S. at 834. A correctional officer acts with deliberate indifference only when he "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. New York City Dep't of Corrs., 84 F.3d 614, 620 (2d Cir. 1996). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000) (quoting Farmer v. Brennan, 511 U.S. at 837).

A. Asquith and Blue

Plaintiff's claims against Asquith and Blue are dismissed because the amended complaint does not allege they knew of, and disregarded, an excessive risk to plaintiff's safety.

The amended complaint does not allege either officer in the front seat was aware plaintiff was switching seats in the back of the van. Although plaintiff added the allegation that Asquith was driving above the speed limit and swerving on icy roads, these facts are insufficient to support an inference Asquith was driving in deliberate disregard for plaintiff's safety. Without

5

more, "allegations of a public official driving too fast for the road conditions are grounded in negligence." Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004) (quotations and alterations omitted).

Accordingly, plaintiff's amended complaint is dismissed as to Asquith and Blue.

B.   Waxter

Similarly, plaintiff's amended complaint fails to allege Waxter knew of, and disregarded, an excessive risk to plaintiff's safety when she ordered plaintiff to move away from an inmate having a seizure in the back of the van.  As the Court previously noted, plaintiff has plausibly alleged Waxter did not consider the risk to plaintiff's safety in ordering her to change seats because the officer panicked in a moment of chaos.  Those allegations may give rise to a claim of negligence, but are not actionable under the Constitution.  See White v. City of New York, 2011 WL 5873392, at *1 (S.D.N.Y. Nov. 22, 2011).

Accordingly, plaintiff's amended complaint is dismissed as to Waxter.

III.   State Law Claims

Construed liberally, plaintiff's amended complaint arguably contains state law tort claims for negligence.  Having dismissed plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over state law claims in plaintiff's complaint.  28 U.S.C. § 1367(c)(3).

IV.   Leave to Amend

Leave to amend should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  It is within the Court's discretion to grant or deny leave to amend.  See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).  A district court has no obligation to grant leave to amend sua sponte.  See Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o

6

court can be said to have erred in failing to grant a request [to amend the complaint] that was not made."). Plaintiff has not sought leave to amend a second time.

Here, consistent with the practice in this circuit with respect to pro se complaints, see Cuoco v. Moritsugu, 222 F.3d at 112, the Court granted plaintiff leave to file an amended complaint to cure deficiencies in her original complaint as to defendants' alleged failure to protect her safety. Plaintiff filed an amended complaint that did not cure the deficiencies and then failed to oppose defendants' motion to dismiss. Because plaintiff has already had the opportunity to amend her complaint, the Court declines to grant leave to amend yet again.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #39) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: October 7, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge